The opinion of the court was delivered by
Watkins, J.
Plaintiff’s claim is that the property in controversy is exempt from taxation, State and municipal, on the ground that it is employed in the manufacture of machinery within the sense and intendment of Article two hundred and seven of the State Constitution ; and that, consequently, the assessment thereof for the year 1895 was illegal, null and void, and should be annulled and abated, and her property declared exempt.
Entertaining a different view, the judge of the city court denied *1453 plaintiff’s application for relief, and rendered judgment in, favor of defendants, maintaining the legality of the assessment, and the former has appealed.
The following is a statement of facts upon which the case was tried in the lower court, viz.:
“That the plaintiff has succeeded to and conducts the business, lately conducted by Charles Moore, known as Moore’s brass foundry, on the premises designated as lot No. 19 of square 123, in First District, in square bounded by Constance, Tchoupitoulas, Julia and St. Joseph streets, measuring twenty-five feet front on Tchoupitoulas ■ street by one hundred and seventy-two feet deep, of manufacturing brass faucets, cocks and other articles of brass, besides casting and manufacturing iron castings, iron shafting and connections, iron piston rods and other similar- articles of iron. That when said manufactory or foundry is in full operation not less than five hapds are employed, but that five hands are not constantly em-, ployed, and frequenty not more than two, or three, or four.
Confining our attention to this statement, do the facts recited make out a case of exemption under the terms of the Constitution?
The two essential requisites of the Constitution are, first, that the plaintiff should be engaged in manufacture, and, second, that her manufactory is engaged in manufacturing machinery.
But in addition to these requirements there is a very important proviso to the effect “ that not less than five hands are employed in any one factory.”
In Benedict vs. City, 44 An. 793, we held it to be essential to exemption under Art. 207 of the Constitution, that the proof should show that the property claimed to be exempt was in operation as a manufactory; and in Behan vs. Board of Assessors, 46 An. 870, a similar principle is announced.
In the agreed statement of facts it is said “ that when said manufactory or foundry is in full operation not less than five hands are employed; but that five hands are not constantly employed; and frequently not more than two, or three, or four.” (Our italics.)
This admission is, in our opinion, fatal to the plaintiff’s alleged exemption. It clearly shows a want of full compliance with the proviso to said article “ that not less than five hands are employed in any one factory.”
To be within the exemption the proof should show that not less *1454 than five hands were usually and customarily employed in the manufactory. And inasmuch as the admission is made that plaintiff’s manufactory was frequently operated with not more than two, three or four hands, it had just aswell to have been idle,in so far as its operation as a manufactory was concerned, during a large portion of the time.
It is a maxim consecrated in many decisions of this court interpreting this article that tax exemption is the exception and taxation is the rule.
We think the judgment is correct and it is affirmed.