## No. 11,959.

IN THE MATTER OF THE LIQUIDATION OF THE SOUTHERN WOOD MANUFACTURING AND CREOSOTING COMPANY, LIMITED.

The claimant for exemption from the payment of taxes, did not employ five hands, in operating the property used in the manufacture of articles of wood.

A manufactory of articles of wood is exempt only where five hands or more are employed.

Prescription for taxes runs from the end of the year for which they have been assessed, and is interrupted by the litigation rendered necessary for their collection.

The taxes were not extinguished by prescription.

APPEAL from the Civil District Court for the Parish of Orleans. *King*, J.

---

*Branch K. Miller* for John T. Whitaker, Plaintiff in Rule to Cancel Taxes, Appellee.

---

*E. A. O'Sullivan*, City Attorney, and *George W. Flynn*, Assistant City Attorney, for Defendant in Rule, Appellants.

---

Submitted on briefs March 27, 1896.

Reinstated April 8, 1896.

Argued and submitted December 2, 1896.

Opinion handed down December 14, 1896.

---

McENERY, J.  The judgment of the lower court was reversed on appeal on the ground that the plaintiff in rule was without interest in the matter.

A rehearing was granted March 15, 1897.

---

### ON THE REHEARING.

*Samuel L. Gilmore*, City Attorney; *W. B. Sommerville*, Assistant City Attorney, and *F. C. Zacharie*, appeared for Defendants in Rule.

---

Submitted on rehearing on brief April 15, 1897.

Opinion handed down April 26, 1897.

The opinion of the court on rehearing was delivered by

BREAUX, J.    This action was brought by the purchaser of certain property for the cancellation of taxes bearing thereon for the years 1891, 1892 and 1893, on the ground that the property was exempt from taxation, and the taxes, liens and privileges were prescribed.

The purchaser recovered a judgment decreeing that the taxes of 1891 and 1892 be canceled.

From the judgment the State and city of New Orleans prosecute this appeal.

By the testimony we are informed that the property in 1891 and 1892 was used in the manufacture of wood and in creosoting lumber. The lumber was sawed in definite lengths and sizes, fence boards, cross-ties; the sills of houses were sawed as required for sale in the market, and bridge material and other material were sawed in definite lengths, and the required tenons and mortises were made.

The company used a small engine and cross-cut saw to cut the pieces into the required dimensions.   We understand that they had a mortise and tenon machine.

After the material had been given the needful shape, the element of water was removed from the wood by the use of a large cylinder six feet in diameter by one hundred feet in length.

It was shown that the creosoting process was effective only where the lumber is first cut in the shape it was intended to be used, and that afterward it was dried; otherwise the testimony shows the treatment by permeating it with oil or other preservative is not useful in prolonging the life of the material, because it was stated by the witness who testified upon that subject; if it is cut after it is creosoted it exposes the under surface where the oil does not permeate, the wood deteriorates and decays.

Ordinary lumber, it is stated, will live in use only a few years; but it is claimed that creosoted lumber will not decay; that it is practically indestructible.

The ground urged by the appellee: that the evidence in the case fails to show that more than five hands were employed in any of the years involved, was the first which invited our attention.

We have found no testimony of record in regard to the number of hands employed in the factory.   The plant's operations does not lead us to infer that more than five hands were employed.

The law upon the subject is quite clear.

Liquidation of Manufacturing and Creosoting Co.

The Constitution (Art. 207) ordains that the property employed in the manufacture of wood products is exempted, provided more than five hands are given occupation.

The purpose evidently was to invite the investment of capital in property to be employed in manufacturing articles of commerce, and at the same time offer a broader field to laborers and artisans for employment as skilled operators.

The employment of five hands or more in the factory is as essential, as the investment in property engaged in the manufacture of articles of wood, in order that the claim of exemption may come within the exempting clause.   Moore vs. City of New Orleans, 48 An. 1452. The plea of prescription is equally as unfounded.

The factory was in operation in 1892 until May or June.   The evidence does not disclose that it was in operation in 1891.   Tax liens and privilges are prescribed by the lapse of three years from the time they become due.   The taxes, in this case, became due on the first day of January, 1893; the answer of the tax collector to the petition to cancel the taxes was filed in July, 1895, clearly interrupting prescription.   It follows from the conclusion reached, on the two points stated by us, if we were to hold that in view of the facts of this case the purchaser at sheriff's sale could stand in judgment to compel the cancellation of taxes due by the former owner of the property, none the less the claimant for exemption here is absolutely without right to a judgment of exemption from taxes, unless he proves that he employed the number required for exemption.

We do not specially pass upon the ground heretofore sustained by this court, after having heard the case originally, further than to state that it does not appear to us that the decision was erroneous; but, if we should grant that it was, the claimant would still be without any right to exemption.

It is therefore ordered, adjudged and decreed that the judgment heretofore rendered by us in this case is affirmed at cost of claimant for exemption from payment of taxes.

It follows that the judgment of the District Court is annulled, avoided and reversed.

It is ordered and decreed that plaintiff's demand be rejected.