No. 12,849.

UNION STAVE COMPANY VS. WM. L. LANGRIDGE, SHERIFF, ETC. (L. H. MARRERO, SHERIFF AND TAX COLLECTOR, SUBSTITUTED).

In an action claiming immunity from taxation under the article of the Constitutitution exempting property and capital employed in manufacturing industries, it is essential the petition should allege that the factory employs not less than five hands. Otherwise the suit is subject to dismissal on exception of no cause of action.

ON APPEAL from the Twenty-first Judicial District Court, Parish of Jefferson.  *Rost, J.*

*Bernard McCloskey* for Plaintiff, Appellee.

*Robert J. Perkins*, District Attorney, for Defendant, Appellant.

Argued and submitted November 11, 1898.

Opinion handed down December 5, 1898.

The opinion of the court was delivered by

BLANCHARD, J.  This is an action to declare certain property exempt from taxation, and the appeal is prosecuted by the defendant from a judgment in favor of plaintiff decreeing such exemption and perpetuating an injunction prohibiting the sale of the property for taxes.

The petition alleges the ownership of a certain lot of ground, which is described, and the averment is made that a factory is built thereon " for the manufacture of sugar and rice barrel material, viz.: staves and headings."  It is further represented that the property is used exclusively for such manufacturing purpose.

The exemption is claimed under Art. 207 of the Constitution of 1879.

If the property, used for the purpose aforesaid, be exempt from taxation under this article (as to which we pass no opinion), it is clear it is not so exempt unless the factory employs not less than five hands, for such is the express requirement of the Constitution.

We have searched plaintiff's petition in vain for any allegation that its factory employs not less than five hands.

More than that, there is no proof in the record that not less than five hands are employed.

Defendant first filed an exception of no cause of action.

Subsequently, with reservation of his rights under the exception, he pleaded the general issue.

The record shows that the exception and the case on its merits were taken up for trial at the same time.  The exception was overruled and judgment on the merits followed in favor of plaintiff.

The note of evidence discloses that no witnesses were put on the stand, but, in lieu thereof, it was admitted that three witnesses, who had been summoned by plaintiff, if called to the stand "would swear to the truth of the facts and allegations in plaintiff's petition contained."

The allegations of the petition being insufficient, the exception of no cause of action was well taken and should have been sustained.

Moore vs. City, 48 La. Ann. 1452; In re Southern Wood Man. Co., 49 La. Ann. 926.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that this suit be dismissed at plaintiff's costs in both courts.